UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Nehya Ahmed,                        Case No. 11-53775
                                                 Chapter 7
                     Debtor.               Hon. Marci B. McIvor
_____/

## OPINION REGARDING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

This matter is before the Court on the Trustee's Objection to Debtor's Claim of Exemption. Debtor seeks to exempt two individual retirement accounts (IRAs) pursuant to 11 U.S.C. § 522(d)(12). The Trustee asserts that the funds in one of the accounts are proceeds from a property settlement Debtor received pursuant to a Judgment of Divorce. Because property settlement proceeds are not exemptible under § 522(d)(12), the Trustee seeks denial of the exemption. Oral argument was heard on October 11, 2011 and the Trustee's Objection was taken under advisement.

## Facts

Debtor Nehya Ahmed and her now ex-husband divorced in 2009. A Judgment of Divorce was entered by the Wayne County Circuit Court on October 18, 2009. (Trustee's Ex. A, hereinafter "JOD"). The relevant provisions of the JOD, which divided the marital asseets, state:

> **IT IS FURTHER ORDERED AND ADJUDGED** that any rights of either party in any pension, annuity, 401K, IRA, SEP, Keough plan and/or retirement plan or benefit, or in any accumulated contributions in any pension, annuity, 401K, IRA, SEP, Keough plan and/or retirement plan or benefit system, or in any right or contingent right in any unvested pension, annuity, 401K, IRA, SEP, Keough plan and/or retirement plan or system of the other party, are hereby extinguished unless specifically preserved below in this Judgment of Divorce.
>
> 1. Husband's Perry Johnson 401(k) Plan will be divided by a Qualified Domestic Relations Order. The Wife will receive Fifty (50%) percent of the value of the marital portion of the Husband's 401(k) Plan as of the date of entry of the Judgment of Divorce

including all accruals since the date of the marriage. The Qualified Domestic Relations Order will include rights of survivorship in the 401(k) Plan for the Wife. Any and all loans will be included in the balance of the 401(k) account and will be awarded to the Husband as part of his share of this account.

**Plaintiff's [Debtor's] marital share from the real estate of $43,553 shall be paid from Defendant's half of his 401K if he does not pay it within 90 days from the entry of the Judgment of Divorce.** If a balance remains then the Calhoun property must be listed and sold to pay the balance.

2. The Wife's American Fund 401(k) Plan will be divided by a Qualified Domestic Relations Order. The Husband will receive Fifty (50%) percent of the value of the marital portion of Wife's 401(k) Plan as of the date of entry of the Judgment of Divorce including all accruals since the date of the marriage. The Qualified Domestic relations Order will include rights of survivorship in the 401(k) Plan for the Husband. Any and all loans will be included in the balance of this 401(k) account and will be awarded to the Wife as part of her share of this account.

Trustee's Ex. A at 10 (emphasis added). Thus, in addition to awarding Debtor 50% of her ex-husband's 401(k) account, the JOD also established a mechanism for payment to Debtor of her share of the equity in the marital home. If Debtor's ex-husband failed to pay the sum of $43,553 within 90 days of the entry of the JOD, this provision required that amount be paid from proceeds of the ex-husband's 401(k) account.

Debtor's ex-husband did not pay the marital share of the equity in the house within 90 days of entry of the JOD. On June 30, 2010, the state court entered an Order Re: Enforcing JOD and Clarifying JOD and Show Cause. That order required that Debtor's share of the equity in the marital home be paid from her ex-husband's 401(k) and required that an amended qualified domestic relations order be prepared to allow the equity in the marital home to be distributed from the ex-husband's 401(k). (Trustee's Ex. B). The amended qualified domestic relations order (captioned "Qualified Domestic Relations Order Perry Johnson, Inc. 401(K) Plan", Trustee's Ex. C, hereinafter "amended QDRO") was entered by the state court on August 27,

2

2010. It assigned Debtor 50% of the value of the 401(k) plus an additional $43,053.[1]

Specifically, the amended QDRO created and recognized "the existence of an Alternate Payee's [Debtor's] right to receive a portion of the Participant's [ex-husband's] benefits payable under an employer sponsored Defined Contribution plan that is qualified under Section 401 of the Internal Revenue Code. . . " (Trustee's Ex. C). Paragraph 6 addresses the "Amount of the Alternative Payee's Benefit" and provides:

> This Order assigns an amount to the Alternate Payee from the Participant's total account balances as of December 19, 2000, such amount being Fifty Percent (50%) of the difference of [(a) minus (b)] plus (c), where:
>
> a. equals the Participant's total account balances as of December 19, 2009 (or closest valuation date thereto), and
>
> b. equals the Participant's total account balance as of September 26, 1999 (or closest valuation date thereto) and
>
> c. **after determining the dollar amount above an additional $43,053.00 is to be assigned to the Alternate Payee**.

Trustee's Ex. C, ¶ 6 (emphasis added). In sum, the amended QDRO provided for two amounts to be paid to Debtor out of her ex-husband's 401(k) account: 50% of the value of her ex-husband's 401(k) **and** $43,053 which represented Debtor's share of the equity in the marital home.

On March 31, 2011, Charles Schwab (presumably the administrator of Debtor's ex-husband's 401k plan) issued a "Statement of Deposit" to Debtor. (Trustee's Ex. D). The Statement of Deposit indicates that Charles Schwab deposited $43,286, Debtor's share of her ex-husband's 401k, into an account ending in 4930. This account appears to be an IRA account at

---

[1]This amount represents Debtor's share of the equity in the marital home less $500 Debtor was ordered to pay for attorney fees.

3

Jackson Financial (see Debtor's schedule C). The amount deposited in the Jackson Life account appears to be a direct rollover from Schwab to Jackson Life. No taxes were withheld by Schwab in the distribution.

On March 31, 2011, Debtor also received a check from Schwab in the amount of $34,400.00. This was a net distribution amount - - the gross distribution amount was $43,000 with $8,600 in taxes withheld. (Trustee's Ex. E). It appears to be undisputed that this check represented the pay off of Debtor's equity in the marital home. Sometime in April or May, 2011, Debtor used these funds to open an IRA with LPL Financial. (Trustee's Ex. F).

Debtor filed a voluntary chapter 7 bankruptcy petition on May 13, 2011. Debtor's schedule C seeks to exempt two IRA accounts pursuant to 1 U.S.C. § 522(d)(12): the IRA at Jackson Life in the amount of $43,286 and the IRA at LPL Financial in the amount of $34,400. On July 14, 2011, the Trustee filed the present Objection to the exemptions, asserting that the funds in the LPL Financial IRA are traceable to the payment of a property settlement and are not exemptible under § 522(d)(12).

## **Analysis**

The issue before the Court is whether a debtor's Individual Retirement Account may be exempted under 11 U.S.C. § 522(d)(12) when the account consists of funds derived from specific provisions in a Judgment of Divorce. Before the Court reaches the issue of whether Debtor may exempt the property, the Court must determine whether the IRA accounts at LPL Financial and Jackson Life are property of Debtor's bankruptcy estate.

Upon the filing of a bankruptcy petition, an estate is created. The bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of

4

the case." 11 U.S.C. § 541(a)(1). Estate property is broadly defined to include all real property, personal property, tangible property and intangible property. *U.S. v. Whiting Pools, Inc.*, 462 .S.Ct. 198, 204-05 (1983). However, under § 541(c)(2), a debtor may exclude from property of the bankruptcy estate any interest in a trust that contains a transfer restriction enforceable under applicable nonbankruptcy law. 11 U.S.C. § 541(c)(2). ERISA qualified pension plans are excluded from a debtor's bankruptcy estate under this section. *Patterson v. Shumate*, 504 U.S. 753, 759-60 (1992)(the "antialienation provision required for ERISA qualification" constitutes an enforceable transfer restriction for purposes of § 541(c)(2)'s exclusion of property from the bankruptcy estate).[2]

The holding of *Patterson* is limited to a debtor's right to receive a pension benefit from an ERISA qualified pension plan. Individual retirement accounts and 401k plans are not pension plans which fall under the protection of *Patterson*. While subject to restrictions as to use, IRAs and 401k plans are property of a debtor's bankruptcy estate and may, if not properly exempted, be administered by a bankruptcy trustee. As a matter of law, IRA accounts and 401k accounts are property of the estate.

Debtor's IRA accounts at Jackson Life and LPL Financial are property of the estate. Once property is determined to be property of the estate, the bankruptcy code permits a debtor to exempt certain property to preserve the debtor's ability to obtain a fresh start. 11 U.S.C. § 522. The U.S. Supreme Court has described an exemption as "an interest withdrawn from the estate (and hence from creditors) for the benefit of the debtor." *Owen v. Owen*, 500 U.S. 305, 308, 111

---

[2]Pension plans are trusts in which a debtor has only a future right to collect. To qualify as an ERISA plan, "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated.". 29 U.S.C. 1056(d)(1).

5

S.Ct. 1833, 114 L.Ed.2d 350 (1991).

Section 522(d)(12) allows the exemption of "[r]etirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457 or 501(a) of the Internal Revenue Code of 1986." An exemption under this section "must meet two requirements: (1) the amount the debtor seeks to exempt must be retirement funds, and (2) those retirement funds must be in an account that is exempt from taxation under Section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code." *In re Kalso*, 2011 WL 3678326 , *1 (Bankr. E.D. Mich).

In the instant case, Debtor seeks to exempt two IRAs under 11 U.S.C. § 522(d)(12): an IRA at Jackson Life in the amount of $43,286 and an IRA at LPL Financial in the amount of $34,400.The IRA at Jackson Life was funded with Debtor's 50% share of her ex-husband's 401k, which was awarded to her in the Judgment of Divorce. The Trustee is not challenging Debtor's ability to exempt that IRA. While the parties did not brief the issue, it appears that the Trustee is not challenging that exemption because the JOD treated all of the retirement accounts as retirement accounts belonging to both parties (i.e. Debtor and Debtor's ex-husband). As a result, Debtor had the ability to rollover her share of her ex-husband's 401k account directly into another retirement account. A debtor's share of retirement funds which are transferred to a tax qualified retirement fund pre-petition are exempt under both 11 U.S.C. § 522(d)(12) and 11 U.S.C. § 522(d)(4)(C) and (D).[3]

---

[3] 11 U.S.C. § 522(a)(4) provides in relevant part:
. . .
(C) A direct transfer of retirement funds from 1 fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986, under section 401(a)(31) of the Internal Revenue

6

The Trustee's objection is limited to Debtor's exemption of the IRA at LPL Financial. Debtor argues that the funds in the LPL Financial account are exempt because the money represents retirement funds which were rolled over from her husband's IRA to the LPL account, and because of the rollover, the money never lost its status as a "retirement fund".

The Court disagrees for two reasons: first, the funds used by Debtor to establish the LPL Financial account were not Debtor's retirement funds being rolled over from one retirement account into another retirement account. Rather, the money was paid out to Debtor in satisfaction of her share of equity in the marital home. Second, to the extent that Debtor sought to establish a "new" retirement fund with that money, IRS regulations limit the amount of money that can be deposited into an IRA in any given tax year, and Debtor's deposit into the LPL appears to exceed the IRS limit. To the extent that Debtor's deposit exceeded the IRS limit, those funds do not constitute money "in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986" as required by 11 U.S.C. § 522(d)(12).

With respect to the first point, it is undisputed that the money used to fund the LPL Financial IRA was paid out of Debtor's ex-husband's 401k account. The funds were retirement funds as to Debtor's ex- husband. However, the money was not paid out of the account as a

---

Code of 1986, or otherwise, shall not cease to qualify for exemption under paragraph (3)(C) or subsection (d)(12) by reason of such direct transfer.

(D)(i) Any distribution that qualifies as an eligible rollover distribution within the meaning of section 402(c) of the Internal Revenue Code of 1986 or that is described in clause (ii) shall not cease to qualify for exemption under paragraph (3)(C) or subsection (d)(12) by reason of such distribution.
. . .

7

rollover of Debtor's share of the 401k account.  The money was paid out pursuant to a state court Judgment of Divorce which awarded Debtor 50% of the equity in the marital home.  The JOD specifically provided for payment of Debtor's share of the home equity directly from the ex-husband's 401k account if Debtor's ex-husband failed to sell the house or otherwise pay the equity within 90 days of the JOD.  The JOD expressly stated that the amount owed to Debtor would be paid from "Defendant's [ex-husband's] half" of his 401k.   Acting through a QDRO, the state court ordered the administrator of the ex-husband's 401k account to distribute the amount owed to Debtor for her share of the home equity directly to Debtor- - not in satisfaction of her share of the 401k account, but in satisfaction of the equity she was owed from the marital home.

The Court's conclusion that the funds deposited by Debtor in the LPL Financial account are not retirement funds for purposes of § 522(d)(12) is supported by the manner in which Debtor received the funds.  Unlike Debtor's share of her husband's 401k plan, which was rolled over directly into an IRA at Jackson Life,  the pay off of the equity in the marital home was made by check directly to Debtor.  Furthermore, the administrator of Debtor's ex-husband's 401k plan treated this distribution to Debtor as a taxable event and withheld $8,400 in taxes.  This Court infers that the plan administrator was not treating the distribution as a rollover of retirement funds.[4]   It is clear to the Court that while the *source* of the payment for Debtor's share of equity in the marital home was her ex-spouse's 401k account, the payment itself was *not*

---

[4]It is unclear whether it was appropriate for taxes to be withheld from the pay off of the equity in the marital home since this is a distribution incident to a judgment of divorce. *See* 26 U.S.C. § 1041. However, the issue of whether the distribution should have been taxed to Debtor is not before this Court.

8

a payment of retirement funds. It was a payment of cash that happened to come from a liquidated retirement account. Based on the manner in which the Debtor received the payment of her share of the equity in the marital home, the Court finds that the funds Debtor deposited into the LPL Financial account were not retirement funds which could be exempted under 11 U.S.C. § 522(d)(12).

The second reason for holding that the money Debtor received for her share of the equity in the marital home is not exempt under § 522(d)(12) is that the funds deposited into the LPL Financial account appear to far exceed the amount permitted under applicable IRS regulations. Assuming that the LPL Financial account is a valid IRA under section 408 of the Internal Revenue Code, IRS regulations set forth specific limits on how much money can be contributed to individual retirement accounts in any given tax year. It appears to the Court that the $34,400 deposited into the LPL account by Debtor far exceeds the statutorily permissible amount. If the money deposited into the LPL Financial account is not entitled to receive tax-exempt treatment under the Internal Revenue Code, the money cannot be exempted under 11 U.S.C. § 522(d)(12).

### Conclusion

Based on the pleadings filed by the parties, the Court concludes that Debtor's IRA account at LPL Financial does not qualify as an account exempt from taxation under § 408A of the Internal Revenue Code. The Court concedes that it did not engage in a detailed analysis of the relevant sections of the Internal Revenue Code. If Debtor believes that the IRA account at LPL Financial is exempt from taxation under 26 U.S.C. §§ 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code, Debtor should file a brief in support of her position on or before November 2, 2011. If Debtor files a brief, the Trustee may file a response on or before

9

November 9, 2011. If Debtor does not file a brief on the issue of the tax exempt status of the LPL Financial account, the Court will enter an Order sustaining the Trustee's Objection to Debtor's Claim of Exemption under 11 U.S.C. § 522(d)(12).

Signed on October 19, 2011

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge