UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Nehya Ahmed,                                Case No. 11-53775
                                                                   Chapter 7
                      Debtor.                              Hon. Marci B. McIvor
_____/

## SUPPLEMENTAL OPINION REGARDING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

       This matter is before the Court on the Trustee's Objection to Debtor's Claim of Exemption, specifically, Debtor's attempt to exempt an individual retirement account (IRA) pursuant to 11 U.S.C. § 522(d)(12). Oral argument was heard on October 11, 2011 and the Trustee's Objection was taken under advisement. On October 19, 2011, the Court issued a written Opinion holding that the funds sought to be exempted were not "retirement funds" entitled to exemption under § 522(d)(12). Rather, the Court determined that the $34,400 Debtor used to open the IRA at LPL Financial was paid to Debtor in satisfaction of the amount Debtor was owed by her ex-husband for her equity in the marital home. Because Debtor's ex-husband failed to voluntarily pay Debtor her share of the equity in the marital home, the judgment of divorce required Debtor's ex-husband to liquidate **his share** of his retirement account in an amount sufficient to pay Debtor her share of the equity in the marital home. To the extent that Debtor was trying to create an exemptible retirement fund with those cash proceeds, the Court recognized that the amount that could be properly exempted under § 522(d)(12) is controlled by IRS regulations which limit the amount an individual can contribute to an IRA in any given calendar year. The Court invited Debtor to file a supplemental brief on that narrow issue.

       Rather than filing a supplemental brief limited to that issue, Debtor filed a supplemental brief re-arguing issues already decided by this Court. Debtor's argument continues to focus on

the fact that the state court entered a Qualified Domestic Relations Order ("QDRO") requiring that the administrator of her ex-husband's 401k account liquidate a portion of that account sufficient to satisfy the amount owed to Debtor for the equity in the marital home, and pay that amount to Debtor. Because the QDRO identifies Debtor as an "Alternate Payee" under her ex-husband's retirement account, Debtor asserts that any and all funds distributed pursuant to the QDRO are retirement funds that can be rolled over into an IRA account.

As explained in the Court's prior Opinion, the Court disagrees. Pursuant to the Judgment of Divorce, Debtor was awarded 50% of her ex-husband's retirement account, separate and apart from any interest in the equity in the marital home. Funds totaling 50% of Debtor's ex-husband's retirement account were properly rolled over into an IRA account in Debtor's name and that account is properly exemptible under § 522(d)(12). Those funds are not in dispute and the IRS regulations and code sections cited by Debtor in her supplemental brief are applicable.

In addition to those funds, the Judgment of Divorce awarded Debtor $43,500 in equity from the marital home. That amount was supposed to be paid by Debtor's ex-husband to Debtor in cash. Recognizing that Debtor's ex-husband might not sell the home and pay Debtor her portion of the equity in a timely fashion, the state court ordered that the equity should be paid by way of a cash distribution from the ex-husband's half of the retirement fund. The mechanism by which the state court ordered the administrator of the ex-husband's retirement account to satisfy that obligation was the QDRO. The money paid to Debtor in satisfaction of her equity interest in the home was **in addition** to and **separate from** Debtor's 50% share of the ex-husband's retirement account. While the IRS code sections cited by Debtor in her supplemental brief

clearly apply to Debtor's 50% share of her ex-husband's retirement account, on the facts of this case, they do not apply to the cash proceeds Debtor received in satisfaction of her portion of the equity in the marital home.

The supplemental brief filed by the Trustee in this case properly states the narrow issue that remains before the Court. The remaining issue is whether Debtor may exempt any of the $34,400 cash payment she received in satisfaction of her equity interest in the marital home under 11 U.S.C. § 522(d)(12). That section provides that a debtor may exempt "[r]etirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." Thus, there are two requirements for an exemption under this section: (1) the amount sought to be exempted must be retirement funds, and (2) the retirement funds must be in an account that is exempt from taxation under one of the enumerated sections of the IRS code.

In this case, the Court must determine whether any of the cash payment received by Debtor in satisfaction of her equity in the marital home qualifies as retirement funds in an account exemptible from taxation. As explained in the Trustee's brief, with respect to IRAs, "no contribution will be accepted unless it is in cash, and contributions will not be accepted for the taxable year on behalf of any individual in excess of the amount in effect for such taxable year under § 219(b)(1)(A). 26 U.S.C. § 408(a)(1). The deduction allowed to an individual for any taxable year may not exceed the deductible amount or the individual's taxable income for the year, whichever is smaller. 26 U.S.C. § 219(b)(1) and (5). The Internal Revenue Code defines the "deductible amount" for 2011 at $5,000. 26 U.S.C. § 219(b)(5).

Debtor's statement of financial affairs indicates that Debtor's income as of the petition

3

date, May 13, 2011, was $19,230.00. Therefore, the maximum amount Debtor would be allowed to contribute to an IRA in 2011 and exempt from taxation is $5,000. The $34,430.05 deposited by Debtor into the LPL account clearly exceeds the maximum an individual could contribute to an IRA in 2011 and treat the contribution as tax exempt.

The Trustee appears to concede that Debtor can properly exempt $5,000 of the LPL Financial account under 11 U.S.C. § 522(d)(12). The Court will permit Debtor two weeks to file an amended Schedule C to reflect that exemption. The Trustee will have seven days from the date any amended exemption is filed to object to the amendment. If no amended exemption is filed, the Trustee's original objection to Debtor's Claim of Exemption, filed on July 14, 2011, will be sustained in its entirety.

Signed on November 18, 2011

                                                    /s/ Marci B. McIvor
                                                  Marci B. McIvor
                                                  United States Bankruptcy Judge